UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
**OWOLABI SALIS**,
:
:
Plaintiff,
:
: **MEMORANDUM DECISION AND**
– against – : **ORDER**
:
: 23-CV-1816 (AMD) (JRC)
:
**JORGE DOPICO**, *et al.*,
:
:
Defendants. :
:
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff alleges constitutional violations arising out of the Manhattan District Attorney's prosecution of a criminal case against him; the Appellate Division, First Department Attorney Grievance Committee's investigation into his misconduct; and the First Department's decision to disbar him for professional misconduct including fraudulently filing hundreds of visa petitions and adjustment-of-status applications. He brings claims against the New York Attorney General, the United States Attorney General, Thomson Reuters, the Kings County District Attorney's Office, the New York State Bar Association, and three New York State employees.

Before the Court are the defendants' motions to dismiss. For the reasons explained below, the motions are granted.[1]

---

[1] The plaintiff is a disbarred lawyer. Accordingly, the Court does not view his submissions with the special solicitude due to non-attorney *pro se* litigants. *Keitel v. D'Agostino*, No. 21-CV-8537, 2023 WL 3560553, at *4 (S.D.N.Y. May 19, 2023).

# BACKGROUND

The following facts are drawn from the complaint and documents attached as exhibits. The allegations in the complaint are "accepted as true" on a motion to dismiss. *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020) (citation omitted).[2]

## I.  The Plaintiff's Disbarment

In 2016, a New York County jury acquitted the plaintiff of charges "involving the filing of fraudulent immigration petitions." (ECF No. 2-3 at 3 (Disbarment Order); ECF No. 2 ¶ 45 (Amended Complaint).)  In 2017, the Department of Homeland Security ("DHS") referred the plaintiff's conduct to the Appellate Division, First Department Attorney Grievance Committee. (ECF No. 2-3 at 3; ECF No. 2 ¶ 46.)

Following an investigation, the Committee filed a petition against the plaintiff in the First Department, accusing him of filing hundreds of fraudulent visa petitions and adjustment-of-status applications. (ECF No. 2-3 at 3; ECF No. 2 ¶ 57.)  In 2019, the First Department appointed defendant Donald Zolin as a referee to conduct a hearing. (ECF No. 2-3 at 3; ECF No. 2 ¶¶ 7, 61.)

In 2019, the plaintiff sued various DHS officials alleging violations of his constitutional rights arising out of the events underlying this lawsuit. (ECF No. 2 ¶ 50.)  The action was eventually dismissed in 2021 for lack of subject-matter jurisdiction. *Salis v. Mayorkas*, No. 19-CV-5153, 2021 WL 972319, at *1 (E.D.N.Y. Feb. 17, 2021), *aff'd*, No. 21-590, 2021 WL 6425204 (2d Cir. Oct. 21, 2021), *cert. denied*, 142 S. Ct. 1231 (2022).

---

[2] The Court does not consider any facts or allegations that were not in the complaint.  Thus, the Court does not consider anything the plaintiff claimed in his oppositions to the motions or in the multiple letters to the Court.  *See Fac., Alumni, & Students Opposed to Racial Preferences v. N.Y.U. L. Rev.*, No. 18-CV-9184, 2020 WL 1529311, at *7 (S.D.N.Y. Mar. 31, 2020) ("It is well established in this district that a plaintiff cannot amend his pleadings in his opposition briefs."), *aff'd*, 11 F.4th 68 (2d Cir. 2021); *Bliven v. Hunt*, 478 F. Supp. 2d 332, 340 (E.D.N.Y. 2007), *aff'd*, 579 F.3d 204 (2d Cir. 2009).

2

In May 2021, Referee Zolin held a hearing on the question of liability, with a sanction hearing to follow if necessary. (ECF No. 2-3 at 3.) In a March 25, 2022 report, Referee Zolin recommended that all charges be sustained, finding that the plaintiff violated Rules of Professional Conduct 3.1 (advancing frivolous claims), 3.3(f) (intentionally and habitually running afoul of established rules), 7.1(a)(1) (false advertising), 7.1(f) (failing to label website as "Attorney Advertising"), 8.4(c) (engaging in dishonesty, fraud, deceit, and misrepresentation), 8.4(d) (conduct prejudicial to the administration of justice), and 8.4(h) (acting in a manner adversely reflecting on his fitness as a lawyer). (*Id.*)

On May 16, 2022, two days before the scheduled sanction hearing, the plaintiff asked the First Department for re-argument or reconsideration, and to stay the sanction hearing. (ECF No. 2-2 at 277–79.) On May 18, 2022, Referee Zolin held the sanction hearing, but the plaintiff did not appear or explain his absence. (ECF No. 2-3 at 3.) Referee Zolin found the plaintiff in default, and the sanction hearing proceeded. (*Id.*)

On June 6, 2022, the plaintiff moved in the First Department again for re-argument or reconsideration of the liability findings, although the court does not appear to have ruled on his May 16, 2022 motion at that point. (ECF No. 2 ¶ 86; *see* ECF No. 2-2 at 365.) On June 22, 2022, the First Department denied his motion and declined to stay the sanction hearing.[3] (ECF No. 2-3 at 4.) The First Department denied the plaintiff's motion to reargue on August 31, 2022. (*Id.*)

"On or about July 25, 2022," Referee Zolin offered to reopen the sanction hearing; the Committee did not oppose, but the plaintiff did not respond. (*Id.*) On August 17, 2022, Referee

---

[3] The plaintiff says that he did not move for a stay of the sanction hearing, which had already occurred, and that First Department's decision, which "d[id] not correspond to the motion request," "raised serious concerns whether the 5 Justices were actually involved" in the decision. (ECF No. 2 ¶ 87 (emphasis omitted).)

3

Zolin recommended that the plaintiff be disbarred.  (*Id.*)  The Committee moved in the First Department for an order confirming Referee Zolin's liability finding and disbarring the plaintiff.  (*Id.*)  The plaintiff cross-moved to disaffirm or dismiss the Referee's findings.  (*Id.*; *see* ECF No. 2-1 (Motion to Disaffirm).)

On November 29, 2022, the First Department confirmed Referee Zolin's report, sustaining the charges of misconduct against the plaintiff and ordering that the plaintiff be disbarred.  (ECF No. 2-3 at 5.)  The plaintiff alleges that "[i]mmediately after the Order or Judgment, international media, Reuters, the internet, social media, radio and TV was full of the story to dent the reputation of the Plaintiff and portray the Plaintiff as a fraudulent criminal even though he is not."  (ECF No. 2 ¶ 103.)  The plaintiff asked the First Department to vacate the Disbarment Order, which the First Department denied on January 26, 2023.  *In the Matter of Owolabi M. Salis*, No. 2022-04850, 2023 WL 414612 (1st Dep't Jan. 26, 2023).  The New York Court of Appeals denied the plaintiff's requests for leave to appeal and for reargument.  *See Matter of Salis*, 40 N.Y.3d 965, *reargument denied*, 40 N.Y.3d 1059 (2023).  The United States Supreme Court denied the plaintiff's petition for certiorari.  *Salis v. Attorney Grievance Comm.*, No. 23-857, 2024 WL 1241384 (U.S. Mar. 25, 2024).

## II.     Procedural History

The plaintiff brought this lawsuit on March 9, 2023 against the New York Attorney General, the United States Attorney General, Thomson Reuters, the Kings County District Attorney's Office, the New York State Bar Association, and three New York State employees

4

(the "individual defendants"), Jorge Dopico,[4] Kevin Doyle,[5] and Donald Zolin. (ECF No. 1.)[6] In the amended complaint, the plaintiff alleges that the individually named defendants violated his rights to equal protection and due process under the Fourteenth Amendment of the United States Constitution. (ECF No. 2 ¶ 1; *see also id.* at 36.) The plaintiff alleges that Referee Zolin "misinterpret[ed] the laws; the plaintiff also describes at length the evidence and exhibits that Referee Zolin purportedly ignored in sustaining the charges against the plaintiff. (*See, e.g.*, *id.* ¶¶ 67–70, 78.) The plaintiff also claims that Referee Zolin violated his due process rights by holding the sanction hearing in his absence. (*Id.* ¶ 95.) In addition, the plaintiff asserts that the First Department did not refer to his arguments in the Disbarment Order, which "rais[es] serious doubt whether the Justices were fully involved." (*Id.* ¶ 102.) The plaintiff further alleges that the Disbarment Order contains "untruths and/or inaccuracies" (*id.* ¶¶ 105–110) and does not address the plaintiff's arguments about alleged discrimination by DHS (*id.* ¶¶ 111–113, 118), the inadequacy of the Committee's witnesses against him in the disbarment proceedings (*id.* ¶ 114), or Referee Zolin's legal and factual errors and bias (*id.* ¶¶ 115–116, 119, 121, 123, 125–129, 133–139).

The amended complaint also includes a section entitled "Questions Presented" with approximately 50 numbered questions about the propriety of the proceedings before Referee Zolin and his subsequent determinations (*id.* ¶¶ 146–153, 167–188); whether the plaintiff is guilty of professional misconduct, (*id.* ¶¶ 155–156); whether DHS officials—who are not parties

---

[4] Dopico "heads the Grievance Committee" of the First Department. (*Id.* ¶ 5.)

[5] Doyle "work[s] for the Grievance Committee" of the First Department. (*Id.* ¶ 6.)

[6] On August 7, 2023, the plaintiff moved for a temporary restraining order and a preliminary injunction seeking to enjoin defendant "Kings County District Attorney from arraigning the Plaintiff in the New York State Criminal Court as planned on August 21, 2023, in matters pertaining to the Civil Right action pending in this Court." (ECF No. 44.) This Court denied those motions on August 17, 2023. (ECF No. 50.)

to this lawsuit—violated the plaintiff's constitutional rights, (*id.* ¶¶ 160–166); whether the plaintiff is entitled to reconsideration or re-argument based on purported errors he presented to the First Department in his Motion to Disaffirm (*id.* ¶ 189); and whether the Committee made frivolous arguments against him in the disciplinary proceedings (*id.* ¶ 194).

The plaintiff also appears to claim violations of his rights under the First, Fourth and Fifth Amendments—whether the actions of DHS officers not parties to this lawsuit violated these rights, and whether the First Department erred by not mentioning these constitutional claims in the disbarment order. (*Id.* ¶¶ 162–66, 112, 197, 199.)

The plaintiff seeks damages and costs under 42 U.S.C. § 1983. (*Id.* ¶ 1.)

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings are construed in the light most favorable to the plaintiff. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

"Determining the existence of subject matter jurisdiction is a threshold inquiry," *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010), and dismissal is proper under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to

adjudicate" the claim, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Long Island Pure Water Ltd. v. Cuomo*, 375 F. Supp. 3d 209, 215 (E.D.N.Y. 2019) (internal quotation marks omitted).

## DISCUSSION

### I. Lack of Jurisdiction

The individual defendants, the New York Attorney General, and the United States Attorney General all move for dismissal for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

#### a. New York Attorney General and the Individual Defendants

##### i. *Sovereign Immunity*

The New York Attorney General and the individual defendants argue that the plaintiff's claims against them are barred by sovereign immunity. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Supreme Court has long held that the Eleventh Amendment bars suits against a state by one of its own citizens, unless (1) the state consents to be sued, or (2) Congress validly abrogates the state's immunity." *Long Island Pure Water Ltd. v. Cuomo*, 375 F. Supp. 3d 209, 215 (E.D.N.Y. 2019) (citations omitted); *see also Steinberg v. Elkman*, 666 F. App'x 26, 27 (2d Cir. 2016) ("Sovereign immunity bars suit against a state official sued in his official capacity, unless Congress has abrogated that immunity or the state has consented to suit.").

7

New York has not waived its immunity in this case. *See Li v. Lorenzo*, 712 F. App'x 21, 22 (2d Cir. 2017). Nor has Congress abrogated it. *Id.* (affirming dismissal per sovereign immunity of § 1983 claims against employees of the attorney grievance committee); *Truong v. Marcus*, No. 04-CV-6853, 2006 WL 3635319, at *3 (S.D.N.Y. Dec. 12, 2006) (dismissing claims per sovereign immunity against a state employee who served "as a referee in Plaintiff's professional misconduct proceeding"); *Smith v. United States*, 554 F. App'x 30, 31 (2d Cir. 2013) (affirming dismissal per sovereign immunity of § 1983 claims against the New York Attorney General).

The plaintiff argues that New York "impliedly" waived sovereign immunity by participating in this a federal litigation. This argument has no merit. The Supreme Court has held that a waiver of sovereign immunity cannot be implied. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see also Beaulieu v. Vermont*, 807 F.3d 478, 488 (2d Cir. 2015) (participating in a federal litigation does not impliedly waive sovereign immunity).

Accordingly, the plaintiff's claims against the individual defendants and the New York Attorney General in their official capacities must be dismissed.

      ii.    *Absolute Immunity*

Even if the Eleventh Amendment did not bar the plaintiff's claims against the individual defendants, they have absolute immunity. "Judges are immune from suits regarding actions taken in their judicial capacity provided that their actions were not taken in the complete absence of jurisdiction." *Truong*, 2006 WL 3635319, at *3. "Absolute immunity bars § 1983 suits against prosecutors for their role in initiating a prosecution and in presenting the State's case." *Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) (internal quotation marks omitted). "Under the doctrine of quasi-judicial immunity, the scope of absolute immunity encompasses the

actions of others 'who perform functions closely associated with the judicial process.'" *Truong*, 2006 WL 3635319, at \*3–\*4 (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)). "[O]fficials performing certain functions analogous to those of a prosecutor" may claim absolute immunity. *Butz v. Economou*, 438 U.S. 478, 515 (1978). "It is well-settled that referees and committees appointed by New York state courts to conduct attorney disciplinary hearings have absolute judicial immunity." *Truong*, 2006 WL 3635319, at \*4.

There is no question that Zolin was acting "in his official capacity" as a court-appointed referee. *See id.* Likewise, Dopico and Doyle were acting in their official capacities as Committee staff investigating and prosecuting the plaintiff's professional misconduct. *Id.* at \*3; *Thaler v. Casella*, 960 F. Supp. 691, 700 (S.D.N.Y. 1997). Thus, the plaintiff's claims against Zolin, Dopico, and Doyle are also barred by absolute immunity.[7]

### b. Over the United States Attorney General

Similarly, for a claim of damages to proceed against the United States, its agencies, or federal employees, there must be an "unequivocally expressed" waiver of sovereign immunity or abrogation by statute. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992).

The United States has not waived sovereign immunity as to the United States Attorney General, nor has it been abrogated. *Lubrano v. United States*, 751 F. Supp. 2d 453, 455 (E.D.N.Y. 2010) ("Section 1983 does not provide an avenue to assert causes of actions against the federal government or its agents."), *aff'd*, 448 F. App'x 159 (2d Cir. 2012); *Russo v. Glasser*, 279 F. Supp. 2d 136, 141 (D. Conn. 2003) (holding that 28 U.S.C. § 1343 did not supply subject-matter jurisdiction over claims against federal government actors); *Weise v. Syracuse Univ.*, 522

---

[7] Because the Court lacks jurisdiction over the plaintiff's claims against the New York Attorney and the individual defendants due to sovereign immunity and absolute immunity, the Court declines to consider whether the *Rooker-Feldman* doctrine also deprives this Court of jurisdiction to consider the plaintiff's claims.

F.2d 397, 404 (2d Cir. 1975) (same); *Doe v. Civiletti*, 635 F.2d 88, 94 (2d Cir. 1980) ("Section 1331 is in no way a general waiver of sovereign immunity."). Accordingly, the claims against the United States Attorney General are dismissed for lack of subject-matter jurisdiction.

## II.     Failure to State a Claim

### a.     Against the United States Attorney General

Even if the plaintiff's claims against the United States Attorney General were not barred by sovereign immunity, they also fail for deficient pleading under Rule 12(b)(6).

As an initial matter, the amended complaint does not seek specific relief from the United States Attorney General—only from "Defendants 1, 2, and 3," which is how the plaintiff refers to Doyle, Dopico, and Zolin. (*See* ECF No. 2 at 36.) Courts "have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999) (citations omitted); *see also Maione v. Zucker*, 2022 WL 784483, at *7 (S.D.N.Y. Mar. 15, 2022) (dismissing claims where only mention of defendants were in case caption and paragraphs describing their "positions and duties"), *vacated in part on other grounds*, No. 22-782, 2023 WL 4759251, at *1 (2d Cir. July 26, 2023).

Moreover, a defendant can only be held accountable for his own actions under § 1983, *see Iqbal*, 556 U.S. at 683, and the plaintiff must show some "tangible connection" between the constitutional violation alleged and that particular defendant, *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). The plaintiff has not done so. In the "parties" section of the amended complaint, the plaintiff states only that the United States Attorney General "is the Chief Law Officer of the United States and is included to aid their work in the investigation of Civil Rights Complaints

10

and enforcement of the laws of the United States." (ECF No. 2 ¶ 9.) Even assuming this statement constitutes an allegation, it cannot survive a 12(b)(6) motion. Moreover, the plaintiff could not allege any involvement by the United States Attorney General in a New York Attorney Grievance Committee's investigation of the plaintiff's misconduct and a New York court's ultimate disbarment of the plaintiff.

The plaintiff's claims against the United States Attorney General are therefore also dismissed for failure to state a claim.[8]

### b. Against the Kings County District Attorney

For similar reasons, the plaintiff also fails to state a claim against the Kings County District Attorney ("KCDA"). The plaintiff does not seek specific relief from the KCDA, which supports dismissal. *See Rene*, 32 F. Supp. 2d at 541; *Maione*, 2022 WL 784483, at *7. Moreover, the plaintiff explicitly alleges that the KCDA is named as a defendant only "to aid their work." (ECF No. 2 ¶ 11). This is not an allegation of any wrongdoing against the KCDA, which was not involved in his investigation or disbarment; accordingly, dismissal is proper.[9]

---

[8] Because the plaintiff's claims against the United States Attorney General are barred by sovereign immunity and, in any event, fail to state a plausible claim for relief, the Court declines to consider the United States Attorney General's argument that the claims against him also fail pursuant to *res judicata*.

[9] It is not clear whether the plaintiff intended to name the Office of the KCDA or the District Attorney himself as a party. Regardless, his claims fail. "The Kings County District Attorney's Office is not a suable entity." *Griffin v. Kings Cnty. Dist. Attorney's Off.*, No. 20-CV-2387, 2020 WL 5211049, at *2 (E.D.N.Y. Aug. 31, 2020) (citation omitted). And any allegations against the District Attorney himself fail for lack of personal involvement. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)).

### c. Against Reuters

The plaintiff also fails to state a claim against Reuters. Dismissal is proper because the plaintiff does not seek specific relief from Reuters. *See Rene*, 32 F. Supp. 2d at 541; *Maione*, 2022 WL 784483, at *7.

Moreover, the amended complaint does not state a plausible claim for relief against Reuters. The plaintiff asserts that he is not suing Reuters "in an official capacity," (ECF No. 2 ¶ 13), but that Reuters "is included as Defendant for their information and because they help spread the News of the Disbarment without knowing the details" (*id.* ¶ 10), and "was full of the story to dent the reputation of the Plaintiff and portray the Plaintiff as a fraudulent criminal even though he is not" (*id.* ¶ 103). The plaintiff does not contend that Reuters violated 42 U.S.C. § 1983, or that Reuters was "acting under color of state law," *West v. Atkins*, 487 U.S. 42, 48 (1988). Indeed, it "is well-established that actions by journalists in publishing a newspaper article do not constitute the requisite 'state action' to support state action claims." *Thomas v. City of New York*, No. 17-CV-06079, 2018 WL 5791965, at *14 (E.D.N.Y. Nov. 5, 2018) (cleaned up). And to the extent the plaintiff is claiming defamation in relation to Reuters' reporting about his disbarment, defamation alone cannot form the basis of a Section 1983 claim. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (explaining in the context of either a Section 1983 or a *Bivens* claim that "[d]efamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation").[10]

Accordingly, the plaintiff's claims against Reuters are dismissed.

---

[10] It is not clear if the plaintiff is asking the Court to order Reuters to investigate or publish anything about his claims; if he is, the request is denied since it would be unconstitutional. *Brady v. Associated Press Telecom*, 2017 WL 111783, at *3–*4 (S.D.N.Y. Jan. 11, 2017) (finding that plaintiff's request for an injunction requiring press entities to publish information "would be exactly the type of interference against which the First Amendment guarantees the freedom of the press and freedom of speech").

### d. Against the New York Attorney General or the Individual Defendants

The plaintiff also fails to state a claim against the New York Attorney General and the individual defendants, even if sovereign immunity did not bar his claims. As an initial matter, the plaintiff's claims against the New York Attorney General are dismissed because he does not seek specific relief from the New York Attorney General, only the individual defendants. *See Rene*, 32 F. Supp. 2d at 541; *Maione*, 2022 WL 784483, at *7.[11]

In any event, the plaintiff's allegations are insufficient. First, the plaintiff's claims against the New York Attorney General and the individual defendants in their official capacities fail because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Second, the plaintiff did not sufficiently allege that these defendants violated his federal rights; because his procedural claims are governed by state law, and he did not plausibly allege that any defendant violated his First, Fourth, or Fifth Amendment rights. Despite his insistence that his due process rights were violated, the amended complaint establishes that the plaintiff "had ample notice of the charges against him and an adequate opportunity to be heard and to rebut them," including opportunities that he forfeited when he did not appear for hearings or respond. *Javits v. Stevens*, 382 F. Supp. 131, 139 (S.D.N.Y. 1974) (dismissing civil rights claim by executors of deceased attorney's estate for failure to state due process claim regarding disciplinary proceedings); *Zauderer v. Off. of Disciplinary Couns. of Supreme Ct. of Ohio*, 471 U.S. 626, 655 (1985) (due process in the context of attorney disciplinary proceedings is focused

---

[11] The plaintiff does not allege that Dopico, as head of the Attorney Grievance Committee, or the New York Attorney General, had any personal involvement in his disciplinary proceedings; these claims thus also fail for lack of personal involvement. *See Farid*, 593 F.3d at 249 (citing *Farrell*, 449 F.3d at 484).

13

on whether a respondent attorney is afforded "notice and opportunity to respond"); (*see* ECF No. 2-3 at 3.)

Moreover, the plaintiff's "separation of powers" argument is unpersuasive (ECF No. 33 at 18), as attorney disciplinary proceedings are not criminal proceedings, *In re Ruffalo*, 390 U.S. 544, 551 (1968).

In addition, federal courts have held that a disbarred attorney challenging the merits of a disbarment proceeding as a violation of due process is attempting "to relitigate the merits of the State proceedings," which is in the exclusive jurisdiction of the state courts. *Mildner v. Gulotta*, 405 F. Supp. 182, 196 (E.D.N.Y. 1975) (citations omitted), *aff'd*, 425 U.S. 901 (1976). Section 1983 "does not extend the right to relitigate in a federal district court evidentiary questions which have been adjudicated on the merits in State proceedings." *Id.*[12]

As to equal protection, the plaintiff does not allege that anyone "intentionally treated [him] differently from others similarly situated" without any rational basis; accordingly, his equal protection claim must be dismissed. *Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). His cursory allegation that the individual defendants intended to "deny [him] equal protection of laws" (ECF No. 33 at 1, 13, 17, 20) is unsupported by any other facts and thus does not survive a motion to dismiss.

The plaintiff's double jeopardy claims are also meritless. "[T]he double jeopardy clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense," and disbarment, or the "revocation of a privilege voluntarily granted," is not a criminal

---

[12] The plaintiff's conclusory assertions that Referee Zolin colluded with or was biased in favor of the Committee (ECF No. 33 at 18, 33), and that the Appellate Division justices did not personally review the matter or sign the orders (*id.* at 18) are not "plausible," *Iqbal*, 556 U.S. at 678.

14

sanction implicating the Double Jeopardy Clause. *Helvering v. Mitchell*, 303 U.S. 391, 399 & n.2 (1938); *see In re Jaffe*, 585 F.3d 118, 121 (2d Cir. 2009) (noting that "since attorney disciplinary proceedings are primarily remedial, the Double Jeopardy Clause of the Fifth Amendment does not apply").

Accordingly, all of the plaintiff's allegations against the individual defendants and the New York Attorney General fail to state a claim.[13]

## III. Federal Rule of Civil Procedure 19

At various points in his oppositions to the motions to dismiss, the plaintiff asserts that each moving defendant is a required party to this lawsuit under Federal Rule of Civil Procedure 19. Rule 19 governs the required joinder of parties, as follows:

> **(a) Persons Required to Be Joined if Feasible.**
> **(1) *Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. As an initial matter, the plaintiff raises this only in headings of his opposition to the United States Attorney General's motion, not in the text of any argument (ECF No. 41 at 3–6); nor did he properly raise it with respect to Reuters, as he mentioned it only in the

---

[13] Moreover, to the extent the plaintiff attempts to raise claims he previously brought against DHS employees asserting violations of his constitutional rights, these claims were already dismissed for lack of subject matter jurisdiction and cannot be relitigated here. Moreover, the Eighth Amendment does not apply, to the extent the plaintiff means to raise it, because the plaintiff has not been convicted of any crime. *See Ingraham v. Wright*, 430 U.S. 651, 671 (1977).

preliminary statement of the opposition, not in the text of any argument (ECF No. 42 at 12–13), *see Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) ("Issues not sufficiently argued in the briefs are considered waived . . . ." (citation omitted)).

In any event, Rule 19 does not cure any jurisdictional deficiencies, as it cannot provide an independent source of jurisdiction. If the Court lacks subject matter jurisdiction over a party—as it does here with respect to the New York Attorney General, the individual defendants, and the United States Attorney General—the Court cannot gain subject-matter jurisdiction by virtue of Rule 19. *Simons v. Town of Sherman*, No. 16-CV-488, 2017 WL 1025169, at *7 n.6 (D. Conn. Mar. 16, 2017) (rejecting the plaintiff's argument that "this Court may exercise jurisdiction over this action on the basis of Fed. R. Civ. P. 19" because "[n]either Rule 19 nor any other Federal Rule of Civil Procedure confers such jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978)("[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction.").

Moreover, on the merits, a party is only "indispensable" under Rule 19 if his or her participation is required for "just adjudication" of the issues before the Court. *See, e.g.*, *Liquifin Aktiengesellschaft v. Brennan*, 383 F. Supp. 978, 983–984 (S.D.N.Y. 1974) (holding AG was not "indispensable" because presence was not required for "just adjudication" of civil rights action against sheriff and city). The plaintiff does not explain how any of these defendants are required parties. As to the Kings County District Attorney, Dopico, and the New York Attorney General, the plaintiff asserts in a cursory fashion that they are required parties under Rule 19 because "actions and omissions were taken that affect their duties." (ECF No. 33 at 40.) This vague statement does not show that any of these parties are "indispensable" under Rule 19. And as to Reuters, the plaintiff states that Reuters "claims an interest" in this action by reporting on his

disbarment (ECF No. 42 at 27), which is not the type of interest that renders a party "indispensable" under Rule 19. *See Lovell v. GEICO Gen. Ins. Co.*, No. 12-CV-00546, 2016 WL 3892868, at *3 (W.D.N.Y. July 13, 2016) ("[F]or a person or entity to be a necessary party under Rule 19(a)(1)(B), the person or entity must have a legally protected interest in the subject matter of the litigation." (citing *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677, 682–83 (2d Cir. 1996)); *see also Caisse Nationale de Credit Agricole v. Bank of Tokyo-Mitsubishi Tr. Co.*, No. 97-CV-588, 1997 WL 282274, at *3 (S.D.N.Y. May 28, 1997) (an interest sufficient for Rule 19 "must be legally protected, not merely a financial interest or interest of convenience"). Moreover, the only case the plaintiff cites on this issue, *Associated Dry Goods v. Towers Financial Corp.*, 920 F.2d 1121 (2d Cir. 1990), is not to the contrary. The purported indispensable party in that case was not a news organization; rather, it was a building's landlord. The defendant in the case had argued the landlord was indispensable in a case involving a dispute over a sublease agreement between the parties. *See id.* at 1122. This case is inapplicable to Reuters.

Accordingly, the plaintiff's Rule 19 arguments against the defendants fail.

## IV. Failure to Prosecute the New York State Bar Association

Any claims against the unserved defendant, the New York State Bar Association, are dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 4(m); *Chen Chao v. Holder*, No. 10-CV-2432, 2013 WL 4458998, at *1 (E.D.N.Y. Aug. 16, 2013) (dismissing claims against a defendant where it was "unclear whether [that defendant] had been individually served with a complaint," and that defendant had never appeared).

**CONCLUSION**

For these reasons, the defendants' motions to dismiss are granted in their entirety. The plaintiff's claims against the Kings County District Attorney and Reuters are dismissed with prejudice. The plaintiff's claims against the New York Attorney General, the individual defendants, and the United States Attorney General are dismissed without prejudice for lack of subject matter jurisdiction. *Evans v. Adams*, No. 22-CV-3882, 2024 WL 306240, at *5 (E.D.N.Y. Jan. 26, 2024). The plaintiff's claims against the New York State Bar Association are dismissed without prejudice for failure to prosecute.

The Court will not grant the plaintiff the opportunity to amend his complaint. *See Harty v. West Point Realty*, 28 F.4th 435, 445 (2d Cir. 2022) ("A dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice."). "[L]eave to amend may be properly denied if the amendment would be futile." *Monbo v. Nathan*, 623 F. Supp. 3d 56, 143 (E.D.N.Y. 2022). A complaint is futile when, as a matter of law, any "proposed amendments would fail to cure prior deficiencies." *Id.* Where the deficiencies are substantive rather merely the consequence of "inartful" pleading, repleading would be futile and leave to amend should be denied. *Id.* at 144. "[L]eave to amend is not warranted 'where it is clear from the face of the complaint that the Court lacks subject matter jurisdiction or that a claim cannot be stated as a matter of law.'" *Hardie v. United States*, 501 F. Supp. 3d 152, 162 (E.D.N.Y. 2020) (citations omitted).

Here, the Court lacks subject-matter jurisdiction as to the New York Attorney General, the United States Attorney General, and the individual defendants. As to the other defendants, the Kings County District Attorney and Reuters, any repleading would be futile. These deficiencies are substantive. The amended complaint is dismissed without leave to amend.

18

**SO ORDERED.**

                                             s/Ann M. Donnelly
                                            _____
                                            ANN M. DONNELLY
                                            United States District Judge

Dated: Brooklyn, New York
          March 26, 2024